IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

TERRY LYNN BESS,                         }
TDCJ-CID NO. 1292364,                    }
   Petitioner,           }
v.                                       }  CIVIL ACTION NO. G-07-0288
                                         }
NATHANIEL QUARTERMAN,                    }
   Respondent.           }

OPINION ON DISMISSAL

   Petitioner Terry Lynn Bess, an inmate incarcerated in the Texas Department of

Criminal Justice–Correctional Institutions Division ('TDCJ-CID'), has filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2254, challenging his underlying conviction for aggravated

robbery. (Docket Entry No.1).  Respondent has filed a motion for summary judgment, arguing

that petitioner is not entitled to habeas corpus relief under § 2254.   (Docket Entry No.13).

Petitioner has filed a response to the motion.  (Docket Entry No.18).  After a careful review of

the entire record and the applicable law, the Court will grant respondent's motion for summary

judgment and deny petitioner federal habeas relief.

I. FACTUAL AND PROCEDURAL HISTORY

   A Texas grand jury indicted petitioner in cause number 46821, alleging that he

committed aggravated robbery with a deadly weapon.  *Bess v. State*, No.01-05-00416-CR, Clerk's

Record, page 2.  A jury in the 23rd Judicial District Court of Brazoria County, Texas heard

evidence of the following, as summarized by the First Court of Appeals for the State of Texas:

> On April 26, 2004, complainant, Katherine Mays, was at home when her doorbell
> rang around 3:00 p.m.  She opened the door and a man forced his way into her
> house.  Mays began hitting the man and screaming until he pulled out a gun and
> pointed it at her.  The man took $100.00 from her purse and searched the house

1

for more valuables.  Eventually, he left with $100.00 and four pieces of jewelry.
Mays called her son, who then contacted the Sweeny Police Department.

The police took Mays to the Lake Jackson Police Department to have a composite
sketch made.  The police distributed the sketch around town and gave a copy to
the local newspaper.  Subsequently, the police received two to three telephone
calls identifying the person in the sketch as appellant, Terry Lynn Bess.

One of the telephone calls was from Marnie Peterson.  She told police that she
had been at the high school-which is across the street, just to the southwest of
Mays's house-the day of the incident.  Peterson had picked up her foster daughter
from school that day when she saw appellant nearly walk into her car.  She
recognized him because she had gone to school with him, though she had not seen
him in the sixteen years since that time.  She watched him cross the street from
the school to the side on which May's house was.

A few days later, she saw the composite sketch in the local newspaper and
recognized it as a sketch of appellant.  She contacted police and notified them of
what she had seen.  Her description of his attire matched the description given by
Mays.

Based on the information he received, Police Chief Gary Stroud compiled a
photographic line-up including a picture of appellant.  Chief Stroud showed the
photographic line-up to Mays and she identified appellant as the man who had
robbed her.  On April 30, 2004, Chief Stroud placed appellant under arrest.
Appellant's head was shaved.  Appellant said it had been shaved for a couple of
weeks, even though Mays and Peterson had described him as having long hair.
Appellant's boss, however, testified at trial that appellant had shaved his head the
day after the alleged incident.

*Bess v. State*, No.01-05-00416-CR, 2005 WL 3118128 at *1 (Tex. App.-Houston [14th Dist.]

2005, pet. ref'd) (not designated for publication).  Thereafter, the jury found petitioner guilty as

charged.  *Id*., Clerk's Record, page 36.  After considering a pre-sentence report ("PSI"), the state

district court assessed punishment at twenty years confinement in TDCJ-CID.  *Id*. at 74.

On direct appeal, petitioner sought relief on the ground that the evidence was

legally insufficient to support the conviction.  *Bess*, 2005 WL 3118128 at *1.  In affirming the

state district court's judgment, the intermediate state appellate court found sufficient evidence to

support the conviction on identification testimony.  *Id*. at *2.  The Texas Court of Criminal

2

Appeals refused petitioner's petition for discretionary review ("PDR"). *Bess*, PD-1943-05; (Docket Entry No.1).

Petitioner then filed a state habeas application, seeking relief on the following grounds:

1. He was denied the effective assistance of counsel at trial because his trial counsel failed to conduct an adequate pretrial investigation;

2. He was denied equal protection because the State excluded all African-Americans from the jury *via* peremptory strikes; and,

3. The evidence was insufficient to support his conviction.

*Ex parte Bess*, Application No.WR-66,668-01, pages 6-16.   The state district court entered Findings of Fact and Conclusions of Law on petitioner's ineffective assistance of counsel claim. *Id*. at 32-33.  The Texas Court of Criminal Appeals denied the application without written order on January 31, 2007.  *Id*. at inside cover.

Petitioner filed a second state habeas application, seeking relief on grounds of actual innocence, inadmissible trial evidence, and perjured testimony.   *Ex parte Bess*, Application No.WR-66,668-02, pages 6-14.  The Texas Court of Criminal Appeals dismissed the application as successive and an abuse of the writ.  *Id.*, inside cover.

In the pending petition, petitioner seeks federal habeas relief on the following grounds:

1. Petitioner was denied the effective assistance of counsel at trial because counsel failed to:

   a. Conduct an independent investigation of the case, including his failure to investigate the crime scene, request fingerprints, contact witnesses such as petitioner's wife, or request a copy of the newspaper containing the composite drawing;

   b. File motions to suppress evidence of a deadly weapon, to quash the indictment, and to conduct discovery;

3

    c.   Discuss the proceedings and meet with petitioner;

    d.   Adequately prepare for trial without solely relying on the State's file;

    e.   Object to petitioner's arrest;

    f.   Request a probable cause hearing or a preliminary hearing on the victim's identification; and,

    g.   File petitioner's first appeal.

2.  The prosecution improperly shuffled the jury panel to minimize the selection of African-Americans and Hispanics on the jury panel;

3.  The prosecution improperly excluded African-Americans from the jury through the use of peremptory strikes;

4.  The evidence was legally and factually insufficient to support his conviction;

5.  Petitioner was arrested without probable cause and without a warrant by plain clothes law enforcement officers, who searched his home without a warrant;

6.  Petitioner is actually innocent of the armed robbery;

7.  The photo-spread was inadmissible because it was inflammatory and prejudicial;

8.  State's witness Ricky Lemon gave perjured testimony under coercion by the State.

(Docket Entry No.1).

Respondent moves for summary judgment on grounds that some of petitioner's claims are procedurally barred and that he has failed to meet his burden of proof to show the state court's adjudication of the other claims are unreasonable or that he is otherwise entitled to habeas corpus relief.  (Docket Entry No.13).

## II. STANDARD OF REVIEW

4

### A. Summary Judgment

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

### B. The Antiterrorism and Effective Death Penalty Act of 1996

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000).  In this case, petitioner presented claims in a petition for discretionary review and in a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order.  As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim.  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)).  Therefore, only those claims properly raised by petitioner on a petition for discretionary review or in a state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) hold that this Court shall not grant relief unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2).  *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness."  *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).  Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning."  *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v.*

6

*Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413.  A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of he prisoner's case." *Id.*  To be unreasonable, the state decision must be more than merely incorrect.  *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).  A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.*  Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules.  *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts).  Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving

party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

## III. ANALYSIS

### A. Procedural Bar

Respondent contends that some of petitioner's claims are procedurally barred from federal habeas review. (Docket Entry No.13). Procedural default occurs where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, or (2) the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). In either instance, the petitioner is deemed to have forfeited his federal habeas claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Such procedural defaults only bar federal habeas review, however, when the state procedural rule that forms the basis for procedural default was "firmly established and regularly followed" at the time it was applied to preclude state

judicial review of the merits of a federal constitutional claim.  *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

### 1. Unexhausted Claims

Under the AEDPA, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). To exhaust a claim under 28 U.S.C. § 2254(b)(1) and (c) of the AEDPA, a petitioner must have presented the habeas corpus claim fairly to the state's highest court before he may bring it to federal court.  *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).

In this case, petitioner did not raise his PDR or his state habeas application his claim regarding his allegedly illegal, warrantless arrest and search, and his claims that his trial counsel was constitutionally ineffective because he did not request a probable cause hearing or a preliminary hearing and did not file petitioner's first appeal.  Because petitioner has not presented these claims to the Texas Court of Criminal Appeals, he has failed to exhaust these claims.

Texas prohibits successive writs challenging the same conviction except in narrow circumstances.  TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005).  The Texas Court of Criminal Appeals will not consider the merits or grant relief on a subsequent habeas application unless the application contains sufficient specific facts establishing the following:

> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).

He does not allege specific facts to show that his unexhausted claims in the pending petition could not have been raised in his PDR or state habeas application. Furthermore, petitioner does not allege specific facts that would establish that he is innocent in any of his pleadings. Therefore, petitioner's unexhausted claims do not fit within the exceptions to the successive writ statute and would be procedurally defaulted in state court. *Coleman*, 501 U.S. at 735 n.1. Such a bar precludes this Court from reviewing petitioner's claims absent a showing of cause for the default and actual prejudice attributable to the default. *Id.* at 750.

Petitioner has been given notice through respondent's motion for summary judgment that the Court would consider a dismissal of claims under the procedural default doctrine and has been given an opportunity to respond with any argument he may have opposing dismissal in a response to the motion for summary judgment. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998). Although petitioner filed a response to the motion for summary judgment, he does not address the default, the cause of the default, or prejudice resulting from the default in the response with respect to the unexhausted claims. (Docket Entry No.18).

Accordingly, petitioner's claims regarding his trial counsel's failure to request a probable cause hearing or a preliminary hearing and to object to his arrest, and his claim that he was arrested and his home searched without probable cause or a warrant are procedurally barred from federal habeas review. Respondent is entitled to summary judgment on this ground.

2. Explicit Procedural Bar

10

In his second state habeas application, petitioner sought relief on grounds that he is actually innocent of the armed robbery, that the photo-spread was inadmissible, and that a State's witness gave perjured testimony. *Ex parte Bess*, Application No.WR-66,668-02, pages 11-12. In its Order dismissing the state habeas application as successive and an abuse of the writ, the Texas Court of Criminal Appeals applied a long-recognized, firmly established, and regularly followed Texas state procedural barrier to federal habeas review of claims that were available at the time of a previous state habeas corpus proceeding. *See Coleman v. Quarterman*, 456 F.3d 537, 542 (5th Cir. 2006) (holding "Texas's abuse of the writ doctrine is a valid state procedural bar foreclosing federal habeas review"); *Aguilar v. Dretke*, 428 F.3d 526, 533 (5th Cir. 2006) (noting "[t]his court has consistently held that Texas' abuse-of-writ rule is ordinarily an 'adequate and independent' procedural ground o which to base a procedural default ruling"). Thus, petitioner procedurally defaulted his claims regarding his actual innocence, the inadmissible photo-spread, and perjured testimony.

Petitioner acknowledges that he procedurally defaulted these claims and proffers no reason for the default, makes no showing of prejudice, and fails to show that he will suffer a fundamental miscarriage of justice if these claims are not addressed. *See Coleman*, 501 U.S. at 750. Accordingly, this Court is precluded from considering petitioner's claims of actual innocence, inflammatory photo-spread, and perjured testimony.

Respondent is entitled to summary judgment on this ground.

B. Sufficiency of Evidence to Support Conviction

11

Petitioner contends that the evidence is legally and factually insufficient to support his conviction for aggravated robbery. Factual insufficiency of the evidence is not a cognizable habeas ground. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Woods v. Cockrell*, 307 F.3d 353, 357-58 (5th Cir. 2002). Accordingly, petitioner's argument raises only a legal sufficiency challenge.

On direct appeal, petitioner complained the evidence was insufficient on grounds that (a) complainant's identification of petitioner in the photo-spread was not reliable because at the time of the robbery she was not wearing her glasses, (b) complainant did not identify him in court, (c) the police did not find a gun or any of complainant's jewelry, and (d) Peterson's identification testimony was not credible. *Bess*, 2005 WL 3118128 at *1. A federal court may grant relief only if it determines that the state court decision rested on an "unreasonable application" of clearly established Federal law, as determined by the Supreme Court, to the facts of the case. *See* 28 U.S.C. § 2254(d)(1). In its analysis of petitioner's insufficiency of evidence claim, the First Court of Appeals set forth the applicable Supreme Court law, along with corresponding state law. *Bess*, 2005 WL 3118128 at *2. The state appellate court noted that with the exception of his complaint that complainant did not identify him in court, petitioner's other arguments in support of his insufficiency claim did not conform with the standard of review. *Id.* The state appellate court further noted that "Texas case law holds that establishing a defendant as the perpetrator of a crime can be proved by direct or circumstantial evidence. . . . An in-court identification of the defendant by the eyewitness is not required provided there is sufficient circumstantial evidence to identify the defendant as the perpetrator." *Id.* quoting *Greene v. State*, 124 S.W.3d 789, 792 (Tex.App.—Houston [1st Dist.] pet. ref'd) (citations omitted). The First Court of Appeals found evidence of the following sufficient to support the conviction:

12

> Appellant is correct in asserting that Mays was never asked at trial to identify appellant as the perpetrator of the crime.  However, she did identify him to Chief Stroud in a photographic line-up.  Chief Stroud arrested appellant and then identified him at trial.  Additionally, Peterson identified appellant at trial as the man she saw near Mays's house on the day of the incident, and Peterson's description of appellant's attire matched Mays's description of the perpetrator.

*Id.* at *2.

In the pending petition, petitioner does not complain that the State failed to prove the elements of aggravated robbery; he complains that the State failed to prove that he was the armed robber.  (Docket Entry No.1).  Petitioner contends the evidence was legally insufficient to support his conviction because (a) his general appearance on the date of his arrest and the date of trial differed from the photo-spread picture that was shown to complainant, (b) the police chief admitted that petitioner's appearance was different that his appearance in the photo-spread, (c) complainant did not identify him in-court as the armed robber, (d) the State failed to prove that petitioner robbed complainant, and (e) complainant admitted that she was probably not wearing her prescription glasses when the robber entered her home.  (Docket Entry No.1).

In evaluating a petitioner's challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted).  In making this determination, the Court must resolve all credibility issues in favor of the prosecution.  *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005).  Either direct or circumstantial evidence can contribute to the sufficiency of the evidence underlying the conviction.  *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990).  The fact that most of the evidence against a defendant was circumstantial does not change the standard of review.  *United*

*States v. Zuniga-Salinas*, 945 F.2d 1302, 1305 (5th Cir. 1991).  When, as in this case, a state appellate court has reviewed the sufficiency of the evidence, that court's opinion is entitled to great weight.  *See Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985).  Indeed, as indicated above, the AEDPA presumes the correctness of state court findings of fact, and places a "clear and convincing" burden on the petitioner who attempts to rebut that presumption.  *See* 28 U.S.C.§ 2254(e)(1).

Under Texas law, evidence of identity can be proven by either direct or circumstantial evidence.  *See Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986) (finding sufficient evidence to convict even when victim could not identify perpetrator).  Here, the chief of police testified that complainant was such a good witness that, on the day of the armed robbery, he took her to the Lake Jackson Police Department to make a composite sketch.  *Bess*, No.01-05-00416-CR, Reporter's Record, Volume 3, pages 18-19.  The chief attested that she described the armed robber as a black male, six foot tall, 180 to 200 pounds with long, bushy hair, wearing a dip-type cap and an oversized dark blue T-shirt and black jogging pants.  *Id.* at 19-20.  He indicated that the composite sketch ran in the local newspaper a couple of days later. *Id.* at 21.  The following week, two to three people had called and identified petitioner from the sketch.  *Id*.  The chief attested that soon thereafter, Marnie Peterson, one of petitioner's former classmates, gave a statement that she had seen petitioner near complainant's home on the day of the robbery wearing the same clothes.  *Id*.  The chief had a photo-spread prepared and showed it to complainant; she unequivocally identified petitioner as the armed robber from the six-man array.  *Id.* at 23.  The police chief identified petitioner in-court as the man whose photograph complainant had selected as the armed robber in the photo array.  *Id*.  The police chief further

testified that petitioner's appearance differed on the date of his arrest and at trial from his photograph in the array because petitioner had shaved his hair.  *Id.* at 23-24.

Complainant testified at trial that she picked the robber from the photo array because she remembered his eyes.  *Id.* at 61.  She further attested that she was 100 per cent sure that the man in the picture that she chose was the armed robber.  *Id.* at 62.  Although complainant admitted that she was probably not wearing her bi-focal glasses when she opened the door to the robber, there is no evidence in the record that complainant's eyesight was poor or that she required glasses to see the person who robbed her with a gun.  *Id.* at 66.

Although petitioner challenges the credibility of complainant's identification testimony in the pending petition as he challenged the credibility of Peterson's identification testimony on direct appeal, this Court may not make creditability determinations on sufficiency of the evidence review.  *See Ramirez*, 398 F.3d at 695.  After a thorough review of the entire record, the Court concludes that a rational jury could have found beyond a reasonable doubt that petitioner was the person who committed the armed robbery on the evidence presented at trial. Respondent is entitled to summary judgment on this ground.

C. Jury Selection

Petitioner next claims that he was denied a cross-section of the community because as the result of a jury shuffle, all Hispanics and African-Americans were excluded from the jury.  (Docket Entry No.1).  Petitioner also claims that the State excluded African-Americans from the jury panel through the use of its peremptory challenges in violation of due process; consequently, all jurors were white and all African American jurists were cut from the panel. (*Id.*).  The state habeas court did not enter express findings on this claim.

15

The Sixth Amendment requires that juries in criminal trials must be "drawn from a fair cross section of the community." *Taylor v. Louisiana*, 419 U.S. 522, 527 (1975). Accordingly, "venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." *Duren v. Missouri,* 439 U.S. 357, 363-64 (1979).  To establish a *prima facie* case of violation of the fair cross-section requirement, a defendant must demonstrate the following:   (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and, (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.  *U.S. v. Olaniyi-Oke*, 199 F.3d 767, 773 (5th Cir. 1999).

In this case, petitioner fails to demonstrate that the prosecution engaged in any systematic exclusion of any racial group or any other group in the jury-selection process or that the State employed any unfair or unreasonable jury selection process.  Based on the absence of anything in the record that would give rise to a racial motive for such shuffling and petitioner's failure to demonstrate the same, the Court concludes that petitioner's argument that prosecutors shuffled the jury to remove African-Americans and Hispanics is pure speculation.

The Court concludes the same with respect to petitioner's complaint that prosecutors used their peremptory challenges to strike all African-Americans from the jury panel.  The Equal Protection Clause forbids a prosecutor to challenge potential jurors solely on account of their race.  *Batson v. Kentucky*, 476 U.S. 79, 89 (1986).  In evaluating a *Batson* claim, the Court considers whether (1) a defendant made a prima facie showing that the prosecutor exercised his peremptory challenges on the basis of race; (2) the prosecutor articulated race-

16

neutral reasons for striking the venire person in question; and (3) the trial court determined that the defendant carried his burden of proving purposeful discrimination.  *Hernandez v. New York*, 500 U.S. 352, 358-59 (1991).  A defendant may establish a prima facie case of discrimination solely on the basis of evidence concerning the prosecutor's exercise of peremptory challenges. *Batson*, 476 U.S. at 96.  To do so, the defendant must show that he is a member of a cognizable racial group and that the prosecutor exercise peremptory challenges to venire persons of that group.   The defendant must also demonstrate that "these facts and any other relevant circumstances raise an inference that the prosecutor used [peremptory challenges] to exclude" the venire persons on account of race.  *Id*.  In this case, the record is silent with respect to any challenge to the peremptory strikes made by the prosecutor.  Petitioner proffers nothing more than speculation that all African-Americans were stricken on account of race or that anyone was stricken from the panel on account of race or ethnicity or any other reason.

Accordingly, petitioner fails to show his entitlement to federal habeas relief. Respondent is entitled to summary judgment on these claims.

### D. Ineffective Assistance of Counsel at Trial

Finally, petitioner contends he was denied the effective assistance of counsel at trial.  (Docket Entry No.1).  Petitioner claims his trial counsel did not conduct an independent investigation of the case because he did not go to the crime scene, request fingerprints, contact witnesses such as petitioner's wife, or request a copy of the newspaper that contained the composite drawing of the armed robber.  (*Id*.).  Petitioner also complains that his trial counsel failed to file motions to suppress the admission of evidence of a deadly weapon, to quash the indictment, and to conduct discovery.  (*Id*.).  He further complains that his trial counsel did not

discuss the proceedings or meet with him and that trial counsel went to trial unprepared, relying on the State's file.  (*Id*.).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense.  *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692)).  The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness.  *Ogan*, 297 F.3d at 360.  Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy."  *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996).  To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993).  Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Strickland*, 466 U.S. at 687-90.  A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

18

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decision on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## 1. Failure to Investigate

Petitioner complains that his trial counsel failed to conduct an independent investigation of the case; *i.e.*, he failed to go to the crime scene, to request fingerprints, to contact petitioner's wife, who was petitioner's sole alibi witness, or to request a copy of the newspaper that contained a composite drawing of the armed robber. (Docket Entry No.1).

The state habeas court found, based on the reporter's record and affidavits submitted by the parties, that petitioner's trial counsel "investigated the possibility of any alibi witnesses who could testify on the petitioner's behalf." *Ex parte Bess*, Application No.WR-

66,668-01, page 52.  The state habeas court further found that trial counsel informed petitioner of the importance of locating alibi witnesses to make an effective defense against the charge but petitioner did not tell trial counsel that he had an alibi witness.  *Id.*

'[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.  In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'  *Strickland*, 466 U.S at 690-91.  If petitioner's counsel was made aware of the names and locations of any witnesses who were able to provide an alibi for petitioner's whereabouts at the time of the aggravated robbery, counsel had a duty to provide a notice of petitioner's alibi.  *See e.g. Bryant v. Scott*, 28 F.3d 1411, 1417-18 (5th Cir. 1994) (ineffective assistance of counsel to fail to investigate known alibi witnesses even though defendant uncooperative).  Petitioner fails to rebut the state habeas court's findings with any evidence showing that he informed counsel of an alibi witness; therefore, he fails to show that trial counsel's performance was deficient or that he was prejudiced in any way by trial counsel's failure to investigate an alibi witness.

Moreover, a defendant who alleges a failure to investigate by his trial counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.  *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

The evidence must have been made known to defense counsel by petitioner, and must have been specific, admissible, and significant in order for counsel's failure to investigate to be constitutionally deficient.  *Carter v. Johnson*, 131 F.3d 452, 465 (5th Cir. 1997).  Further, the additional information must be significant enough to alter the outcome of the trial. "In order to satisfy the prejudice prong of *Strickland*, [a defendant] must show 'more than the mere possibility

20

of a different outcome.' [He] must present 'evidence of sufficient quality and force to raise a reasonable probability that,' had it been presented to the jury, the outcome would have been different." *United States v. Drones*, 218 F.3d 496, 504 (5th Cir. 2000) (citations omitted).

In this case, the possibility that counsel could have discovered exculpatory evidence from viewing complainant's house where the robbery took place, acquiring a copy of the newspaper containing the composite drawing, or reviewing non-existent fingerprints is speculative at best. Petitioner does not identify any evidence likely to have resulted in an acquittal. As such, petitioner's counsel's decision not to investigate the crime scene, the non-existent fingerprint evidence, and the newspaper sketch does not constitute ineffective assistance of counsel.

### 2. Failure to File Motions

Petitioner next complains that his trial counsel rendered constitutionally ineffective assistance because counsel did not file a motion to suppress evidence of a deadly weapon, a motion to quash the indictment, or a motion for discovery because no gun or fingerprints were ever found and the State's identification evidence was inaccurate. (Docket Entry No.1). Petitioner, however, fails to show a legal basis for objecting to or suppressing circumstantial evidence of a deadly weapon, for moving to quash the indictment, or moving to conduct discovery. Counsel is not required to file frivolous motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

### 3. Failure to Discuss Proceedings with Petitioner

21

Petitioner maintains that his trial counsel was ineffective because he failed to discuss petitioner's case with him.  (Docket Entry No.1).  Petitioner claims that he met with counsel twice—when counsel introduced himself and the day before trial.  (*Id.*).  However, the length of time spent in consultation, without more, does not establish that counsel was ineffective.  *Easter v. Estelle*, 609 F.2d 756, 759 (5th Cir. 1980).  Moreover, petitioner alleges no facts establishing that a reasonable probability exists that, but for the failure of his trial counsel to more thoroughly explain the law and facts applicable to petitioner's case, the outcome of the trial would have been different.  In short, petitioner fails to allege any facts establishing that, but for his trial counsel's failure to more thoroughly discuss the case with petitioner, any new defensive theories or additional exculpatory evidence could have been discovered or developed. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

### 3. Failure to Prepare for Trial

Petitioner alleges that this trial counsel went to trial unprepared, relying solely on the prosecutor's file.  (Docket Entry No.1).  Petitioner's argument is generalized and non-specific. Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.  *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).  In the absence of a specific showing that specific errors and omissions were constitutionally deficient, and how they prejudiced petitioner's right to a fair trial, claims of ineffective assistance of counsel are without merit.  *Id.*

### 4. Failure to Object to Arrest

Finally, petitioner complains that his trial counsel failed to object to his arrest. (Docket Entry No.1). "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).  Petitioner states no basis for an objection to his arrest or what improper evidence was discovered as a result of the allegedly improper arrest and search.  Accordingly, he fails to show that his trial counsel's performance was deficient by his failure to object.  *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

Based on the foregoing, the Court finds that petitioner has failed to overcome the state habeas courts' findings that petitioner was provided with reasonably effective assistance of counsel at trial.  Accordingly, respondent is entitled to summary judgment.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

## V. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No. 13) is GRANTED.

2. Petitioner's claims against respondent are DENIED, and the habeas action is DISMISSED with prejudice.

3. All pending motions, if any, are DENIED.

4. A certificate of appealability is DENIED.

SIGNED at Houston, Texas, this 17th day of July, 2008.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE